UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE

CASE NO.: 0:25-cv-61810-AHS

JANE DOE,

    Plaintiff,

v.

RKR RESTAURANTS FL, LLC
d/b/a WENDY'S RESTAURANT,

    Defendant.
_____/

## DEFENDANT'S RESPONSE IN OPPOSITION OF PLAINTIFF'S MOTION FOR LEAVE TO PROCEED PSEUDONYMOUSLY

COMES NOW, Defendant, RKR RESTAURANTS FL, LLC D/B/A WENDY'S RESTAURANT, by and through the undersigned counsel, and hereby files this Response in Opposition of Plaintiff's Motion for Leave to Proceed Pseudonymously, and in support thereof, states as follows:

### FACTUAL AND PROCEDURAL BACKGROUND

On July 14, 2025, Plaintiff filed the above-captioned case against Defendant, alleging claims of sexual harassment/hostile work environment, sex discrimination, intentional infliction of emotional distress, negligence, negligent hiring and supervision, respondeat superior/vicarious liability, and false imprisonment. Plaintiff initiated the subject lawsuit under the pseudonym "JANE DOE," allegedly to protect her identity. Plaintiff contends that her true identity would subject her to severe embarrassment, humiliation, and emotional distress. Plaintiff also alleges that proceeding as a party to this lawsuit under her real name would expose her to public scrutiny, potential harassment, and potential professional harm. As discussed throughout this response, such is not the case, and Plaintiff should not be permitted to proceed pseudonymously for various

reasons.

## LEGAL STANDARD GOVERNING A MOTION TO PROCEED PSEUDONYMOUSLY

In general, pleadings in federal court must name all parties to the lawsuit. *In re: Chiquita Brands Int'l, Inc.*, 965 F.3d 1238, 1247 (11th Cir. 2020) (*See also*, Fed. R. Civ. P. 10(a), stating that parties to a lawsuit must be identified in the pleadings). Thus, "'parties to a lawsuit must identify themselves' in the pleadings." *Chiquita Brands*, 965 F.3d at 1247 (quoting *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992)). This rule "protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties." *Frank*, 951 F.2d at 322 (citing *Doe v. Rostker*, 89 F.R.D. 158, 160 (N.D. Cal. 1981)). A court will deviate from this rule and grant leave for a plaintiff to proceed pseudonymously (under a fictitious name) in a lawsuit only under exceptional circumstances. *Frank*, 951 F.2d at 323. In this regard, an exception to the rule is applied where the plaintiff "'show[s] that [s]he has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Tessa G. v. Sec'y, United States Dep't of Health and Hum. Servs.*, 2025 WL 1342339, at *3 (11th Cir. 2025) (quoting *Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011)). However, this is a "narrow exception." *Chiquita Brands*, 965 F.3d at 1247. In the present case, Plaintiff has not sufficiently alleged facts warranting a court to apply such exception and deviate from Rule 10(a)'s pleading requirement and grant leave for Plaintiff to proceed pseudonymously.

## MEMORANDUM OF LAW

**I.      Plaintiff Does not Satisfy the Standard for Proceeding Anonymously.**

In determining whether a plaintiff may proceed anonymously, courts consider six factors. *Doe v. Sheely*, 781 Fed. Appx. 972, 973 (11th Cir. 2019). "'First, are the plaintiffs seeking anonymity challenging government activity? Second, will they be required to disclose information of the utmost intimacy? Third, will the plaintiffs be compelled to admit their intention to engage

2

in illegal conduct and thus risk prosecution?'" *Sheely*, 781 Fed. Appx. at 973 (quoting *Francis*, 631. F.3d at 1316 (11th Cir. 2011)). In addition, courts also consider "[fourth,] whether the plaintiffs were minors, [fifth,] whether they were threatened with violence or physical harm by proceeding in their own names, and [sixth,] whether their anonymity posed a unique threat of fundamental unfairness to the defendant." *Id*. However, none of these single factors is dispositive and courts, additionally, "'should carefully review all the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns.'" *Sheely*, 781 Fed. Appx. at 973 (quoting *Frank*, 951 F.2d at 323).

With regard to the first factor, Plaintiffs suing private parties rather than a government agency gives a court "more reason not to grant to the plaintiffs' request for anonymity," even if it may negatively impact her reputation. *Frank*, 951 F.2d at 324 (citing *Wynne & Jaffe*, 599 F.2d at 713 (holding that female lawyers could not anonymously sue two law firms for sex discrimination where "the mere filing of a civil action against other private parties may cause damage to their good names and reputation and may also result in economic harm."). Here, Plaintiff is suing Defendant, a private entity, and not a government entity. Pursuant to the above law, the potential personal/professional harm Plaintiff alleges, which she fails to identify and constitutes pure speculation, is insufficient to allow her to proceed pseudonymously.

With regard to the second factor, Plaintiff's sexual assault allegation does not involve information of the "utmost intimacy," disfavoring a request for pseudonymity. Only "'where the issues involved are matters of a sensitive and highly personal nature,' such as birth control, abortion, homosexuality or the welfare rights of illegitimate children or abandoned families, does the normal practice of disclosing the parties' identities yield 'to a policy of protecting privacy in a very private matter." *Wynne & Jaffe*, 599 F.2d at 712-13 (quoting *Doe v. Deschamps*, 64 F.R.D. 652, 653 (D. Montana 1974)). Mere sexual assault allegations that do not involve "reveal[ing] facts

3

of a highly personal nature" about themselves do not involve "divulg[ing] personal information of the utmost intimacy." *Wynne & Jaffe*, 599 F.2d at 713. Thus, Plaintiff's mere allegation that a co-worker sexually assaulted her fails to satisfy the second factor in the determination to grant her request for pseudonymity.

With regard to the third factor, by proceeding with her name as a party to the lawsuit, Plaintiff will not be compelled to admit any intent to engage in illegal conduct (which is not even an issue in this case) and risk prosecution. In addition to same being common sense under the circumstances of this case, courts have specifically ruled that plaintiffs requesting to proceed anonymously solely on the grounds of being sexual assault victims would not be compelled to admit their intent to engage in illegal conduct and risk prosecution because the plaintiffs in these scenarios do not have "to admit that they violated state laws or government regulations or wishes to engage in prohibited conduct." *Wynne & Jaffe*, 599 F.2d at 713. *See also Sheely*, 781 Fed. Appx. at 973 (holding that plaintiff suing an officer for sexual assault while plaintiff was incarcerated could not procced anonymously where she would not be compelled to admit an intent to engage in illegal conduct.)

With regard to the fourth factor, Plaintiff is not a minor. By contrast, and as stated in Plaintiff's Motion, she is a "young woman."

Specific, identified threats are required to satisfy the fifth factor. *Doe v. Neverson*, 820 Fed. Appx. 984, 988 (11th Cir. 2020). In *Doe v. Neverson*, the Eleventh Circuit Court of Appeals held that the plaintiff could proceed anonymously in her sexual assault claim against the defendant where, in addition to personal embarrassment, she had alleged that she had identified website posts about the lawsuit where people had posted threatening or harassing comments. 820 Fed. Appx. at 988. Plaintiff does not even allege that she has been threatened with any violence or physical harm by someone if she were to procced in her own name, let alone identify a specific threat. Instead,

4

Plaintiff merely claims that "requiring her to proceed under her real name would . . . expose her to public scrutiny and potential harassment." Such alleged harms do not rise to the requisite level of threatened violence or physical harm. Indeed, "[t]he threat of hostile public reaction to a lawsuit, standing alone, will only with great rarity warrant public anonymity." *Stegall*, 653 F.2d at 186.

With regard to the sixth factor, Plaintiff's anonymity would pose a "'unique threat of fundamental unfairness to [D]efendant[s].'" *Sheely*, 781 Fed. Appx. at 973 (quoting *Francis*, 631 F.3d at 1316). A primary reason for the presumption of openness in judicial proceedings is that "[d]efendants have a right to know who their accusers are, as they may be subject to embarrassment or fundamental unfairness if they do not." *Francis*, 631 F.3d at 1315. In a lawsuit where a plaintiff has requested anonymity, a plaintiff denies "'[the defendant] the shelter of anonymity—yet it is [the defendant], and not the plaintiff, who faces disgrace if the complaint's allegations can be substantiated. And if the complaint's allegations are false, then anonymity provides a shield behind which defamatory charges may be launched without shame or liability.'" *Francis*, 631 F.3d at 1315 (quoting *Doe v. Smith*, 429 F.3d 706, 710 (7th Cir. 2005)). Here, Plaintiff proceeding pseudonymously would give her the shelter of anonymity while Defendant would be subject to embarrassment of the allegations while also damaging Defendant's reputation and resulting in economic harm. Defendant would be subject to fundamental unfairness where Plaintiff would benefit from proceeding with a lawsuit without having to abide by the presumption of openness in judicial proceedings.

In sum, each of the above-referenced factors weighs against allowing Plaintiff to proceed pseudonymously. As a final matter, Defendant is cognizant of the fact that Plaintiff claims that "[t]he public disclosure of [her] true identity . . . would subject her to severe embarrassment, humiliation, and emotional distress." Such contention is irrelevant, as it is not one of the factors considered for the protection of anonymity. In any event, courts deny "the protection of anonymity

5

in cases where plaintiffs allege sexual assault, even when revealing the plaintiff's identity may cause her to 'suffer some personal embarrassment.'" *Francis*, 631 F.3d at 1316 (quoting *Frank*, 951 F.2d at 324).

## CONCLUSION

In conclusion, Plaintiff has failed to satisfy the standard to proceed anonymously in this lawsuit where she has not satisfied a single one of the aforementioned six factors. From its outset, Plaintiff suing a private party rather than a government agency gives this court more reason to deny this request for anonymity, even where it may negatively impact her reputation, where Plaintiff's alleged potential harm is speculative and insufficient. Also, Plaintiff's mere sexual assault allegations do not require her to reveal highly personal facts about herself that would constitute "divulg[ing] information of the utmost intimacy." Furthermore, by being denied anonymity, Plaintiff is not at risk of being compelled to admit an intent to engage in illegal conduct. Plaintiff is also not a minor, alleging that she is a young woman. Moreover, Plaintiff's allegations of potential public scrutiny and harassment are insufficient to constitute specific, identified threats to warrant proceeding anonymously. In contrast, Plaintiff proceeding anonymously would be fundamentally unfair to Defendant where Plaintiff could engage in litigation without abiding by the presumption of openness in judicial proceedings while Defendant's reputation would be tarnished and would suffer economic harm. Finally, even with all the circumstances and with these factors weighing against Plaintiff, although she alleges that she would be subject to severe personal embarrassment and emotional distress, these contentions are irrelevant to the analysis and courts

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

deny anonymity in sexual assault cases where plaintiffs make these same contentions.

WHEREFORE, Defendant respectfully requests that this honorable court deny Plaintiff's Motion For Leave to Proceed Pseudonymously.

>Respectfully submitted,
>
>COLE, SCOTT & KISSANE, P.A.
>*Attorneys for Defendant*
>Esperante Corporate Center
>222 Lakeview Avenue, Suite 500
>West Palm Beach, FL  33401
>Telephone: (561) 383-9236
>Facsimile: (561) 683-8977
>Email:  Nicole.Wall@csklegal.com

By:   *s/ Nicole Wall*
NICOLE M. WALL
FBN: 17430

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of October 2025, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the service list below in the manner specified, either via transmission of notices of electronic filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic notices of filing.

By:   */s Nicole Wall*
NICOLE M. WALL
FBN: 17430

**SERVICE LIST**
Athea Bryan Farr, Esq.
BRYAN FARR HEALTH LAWYERS, LLC
1451 W. Cypress Creek Boulevard, Suite 300
Fort Lauderdale, Florida 33309
E: althea.bryanfarr@bfhlegal.com and service@bfhlegal.com
*[VIA CM/ECF]*