UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-61810-CIV-SINGHAL

JANE DOE,

    Plaintiff,

v.

RKR RESTARUANTS FL, LLC d/b/a
WENDY'S RESTAURANT

    Defendant.
_____/

## ORDER

**THIS CAUSE** comes before the Court on the Plaintiff's Motion for Leave to Proceed Pseudonymously (DE [19]) ("Motion").  Defendant opposes the Motion.  *See* (Resp. in Opposition of Pl.'s Mot. Leave Proceed Pseudonymously (DE [20]) ("Response).  Plaintiff filed her Reply in Support of Motion for Leave to Proceed Pseudonymously.  (DE [21]) ("Reply").  For the reasons discussed below, the Court grants the Plaintiff's Motion.

In her Motion, Plaintiff argues that "[t]he public disclosure of the Plaintiff's true identity in connection with these traumatic and highly sensitive allegations would subject her to severe embarrassment, humiliation, and emotional distress." (Mot. (DE [19]), at ¶ 3).  She asserts that as "a victim of sexual assault" "requiring her to proceed under her real name would force her to relive the trauma and expose her to public scrutiny and potential harassment."  ((DE [19]), at ¶ 3).  Further, she fears that "the public association of her name with these events could cause irreparable professional and personal harm." ((DE [19]), at ¶ 4).  She states that Defendant is already aware of her identity and if not,

says her identity "can be shared in discovery or through direct conversation between counsel and kept confidential."  ((DE [19]), at 37, ¶ 5).

Federal Rule of Civil Procedure 10(a) provides that "[e]very pleading" must "name all the parties[.]"  *See also In re: Chiquita Brands Int'l, Inc.*, 965 F.3d 1238, 1247 (11th Cir. 2020) (per curiam) ("'Generally, parties to a lawsuit must identify themselves' in the pleadings.") (quoting *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992)).  Rule 10(a) "does not merely further administrative convenience—'[i]t protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties.'"  *Id.* (quoting *Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011)).  But this rule is not absolute; a party may proceed under a pseudonym "only in 'exceptional case[s].'"  *Id.* (alteration in original) (quoting *Doe v. Frank*, 951 F.2d at 323).

The Eleventh Circuit has established a totality-of-the-circumstances test to determine whether a plaintiff may proceed anonymously.  *Id.* at 1247 n.5.  The plaintiff must establish "'a substantial privacy right [that] outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings.'"  *Id.* at 1247 (quoting *Francis*, 631 F.3d at 1315-16).  The court "'should carefully review *all* the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns.'"  *Id.* (quoting *Francis*, 631 F.3d at 1316).  The first step is three prongs: whether the plaintiff "(1) is challenging government activity; (2) would be compelled, absent anonymity, to disclose information of utmost intimacy; or (3) would be compelled, absent anonymity, to admit an intent to engage in illegal conduct and thus risk criminal prosecution."  *Id.* (citing *Francis*, 631 F.3d at 1316).  Two other factors to consider include whether the plaintiff

"faces a real threat of physical harm absent anonymity" and whether the plaintiff's "requested anonymity poses a unique threat of fundamental unfairness to the defendant." *Id*. (citations omitted).

Here, regarding the first step, this Court finds that the second prong applies. This suit does not involve government activity or Plaintiff's illegal conduct. But it can be said that Plaintiff's disclosure of her real name in this suit constitutes "information of utmost intimacy." In her eight-count Complaint, Plaintiff, an employee at Defendant's company, Wendy's Restaurant, alleges that her manager, Tresel Marquese Huffman, after making several inappropriate attempts to pursue a romantic relationship with her, one day, followed her into the freezer, where he proceeded to grab Plaintiff's buttocks, push her towards the freezer door, and press her neck with his hand. (Compl. (DE [1-1]), ¶¶ 13-17). Huffman then fondled himself and attempted to undress both himself and Plaintiff. ((DE [1-1]), ¶¶ 18). When Plaintiff resisted, Huffman attempted to strangle her with his arm. ((DE [1-1]), ¶¶ 19). Given these allegations, the issues involved in this case are of a sensitive and highly personal nature.

The last express factor is whether anonymity results in a "unique threat of fundamental unfairness" to Defendant.[1] *See In re: Chiquita Brands Int'l, Inc.*, 965 F.3d at 1247. For example, "the mere filing of a civil action against other private parties may cause damage to their good names and reputation and may also result in economic harm." *S. Methodist Univ. Ass'n of Women Law Students v. Wynne and Jaffe,* 599 F.2d 707, 713 (5th Cir.1979). In this case, the Court finds that there is no threat of fundamental unfairness to Defendant in allowing Plaintiff to proceed under a pseudonym.

---

[1] It is also undisputed that Plaintiff faces no threat of physical harm absent anonymity.

3

Defendant references the Eleventh Circuit's decision in *Francis* to argue that "'[d]efendants have the right to know who their accusers are, as they may be subject to embarrassment or fundamental unfairness if they do not.'" (Resp. (DE [13]), at 5) (quoting *Francis*, 631 F.3d at 1316). "Courts have often denied the protection of anonymity in cases where plaintiffs allege sexual assault, even when revealing the plaintiff's identity may cause her to 'suffer some personal embarrassment.'" *Id*. But, here, as in *Francis*, "Defendant [is] aware of the Plaintiff[']s identit[y] and thus [is] not barred from conducting a full range of discovery in building a defense for trial." *Id*. at 1318-19 (directing the district court to enter an order granting the motion to remain anonymous). Accordingly, the Court concludes that none of the normal harms threatened to defendants when plaintiffs proceed anonymously are present in this case.

Although the Court appreciates the paramount importance of publicly conducting judicial proceedings, Plaintiff's privacy right at this early stage of the litigation outweighs the need for the public to be aware of Plaintiff's identity. *See Doe v. Neverson*, 820 Fed. Appx. 984, 987 n.1 (11th Cir. 2020) ("The vast majority of civil cases are settled or dismissed before trial. One option available to the district court is to allow Ms. Doe to proceed under a pseudonym for now, subject to review at future stages in the litigation upon a motion from [Defendant]") (citations omitted)). Plaintiff should be allowed to proceed under a pseudonym in the public filings at this time. It is hereby

**ORDERED AND ADJUDGED** that the Motion (DE [19]) is **GRANTED**. Plaintiff is permitted to proceed under a pseudonym contingent upon Plaintiff revealing her actual name to Defendant. Further, finding good cause exists and being unopposed, Plaintiff's Unopposed Motion for Leave to Amend Plaintiff's Complaint (DE [16]) is **GRANTED**.

Accordingly, Defendant's Motion to Dismiss Plaintiff's Complaint (DE [12]) is **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 10th day of December 2025.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record via CM/ECF